Scott, J.
The plaintiffs claim under a mortgage executed by M. B. Walker to Haynes and McClure in 1856, to secure the payment of sundry promissory notes, which, before their maturity, were negotiated to and received by the plaintiffs severally, for value, and without notice of any ground of defence either as against the notes or the mortgage. The mortgage under which they claim was duly recorded, and still remains uncancelled upon the record. The defendant For-long claims under a subsequent mortgage executed by Walker to Davis & Cuppy in 1860, to secure the payment of five negotiable promissory notes, three of which have been assigned to said Forlong.
It appears from the record that in 1859, Walker, the maker of all the notes in question, and the common mortgagor, lifted the notes now held by the plaintiffs from one Sullivan, who was then the owner and holder of them, and gave to Sullivan, in lieu thereof, a new note, and mortgage security upon other property. And it is claimed on behalf of Forlong that this was a payment of the notes, and consequently a discharge of the lien of the mortgage under which plaintiffs claim. Had Walker retained in his own hands or destroyed the notes thus lifted, such a claim might well have been made, and maintained either by him or his subsequent mortgagees. But we think it very clear that Walker, by causing these notes to be again negotiated, as unpaid notes, to hona-fide purchasers, is estopped, upon the plainest principles of equity, from claiming, either that the notes were paid, or that the mortgage security appearing upon the record was discharged by the previous transaction with Sullivan. To hold otherwise would be to sanction the grossest fraud upon the present plaintiffs. And it is equally clear that Davis & Cuppy, the subsequent mortgagees of Walker, occupy no better position than he does in this respect. They hold under him, and they are the very parties through whom the notes secured by the prior mortgage were re-negotiated and transfei’red to the *97 plaintiffs. Having sold them at Walker’s instance, as valid evidences of indebtedness against him, secured by a recorded mortgage, they are estopped from claiming for their own benefit that Walker had previously paid the notes, and thus discharged the mortgage which stood uncancelled upon the record. The rights of the defendant Eorlong, under the mortgage to Davis & Ouppy, are only of an equitable character. They arise wholly from the transfer to him of a portion of the notes which that mortgage purported to secure His equities are merely those of his assignors, Davis & Ouppy. He took the notes with constructive notice, at least, of the prior mortgage to Haynes and McClure. And if Davis <& Ouppy are estopped to deny its validity as a lien, he is equally so, for he simply stands in their shoes.
We think the judgment of the court of common pleas was right, and that in reversing it the district court erred.
Judgment of district court reversed, and that of the common pleas affirmed.
Brinkerhoff, C.J., and Welch, White, and Dat, JJ., concurred.